IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE JORDAN, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 22-cv-2422-RJD |
| JOHN MCCALEB and MARC WILSON, | ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 30) and Defendant Marc Wilson's Motion to Set Aside Entry of Default and for an Extension of Time to File a Responsive Pleading (Doc. 34).

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he proceeds on the following claims:

> Count One:    Eighth Amendment cruel and unusual punishment claim against Wilson and McCaleb for harassment before and after Plaintiff's October 6, 2020 disciplinary proceeding.
>
> Count Two:    Fourteenth Amendment Equal Protection claim against Wilson and McCaleb for their alleged racial discrimination against Plaintiff.

A waiver of service was sent to Defendant Wilson on April 6, 2023, and was returned executed on April 10, 2023 (*see* Docs. 18, 20). Wilson's answer was due on or before June 5, 2023 (*see* Doc. 20). No answer was filed. A clerk's entry of default against Defendant Wilson was entered on June 12, 2023 (Doc. 29). Plaintiff filed his Motion for Default Judgment on June

13, 2023 (Doc. 30).   Defendant Wilson filed his Motion to Set Aside on June 16, 2023 (Doc. 34).

In his motion to move for default judgment, Plaintiff cites Defendant Wilson's failure to file his answer by the June 5, 2023 deadline, and the Clerk's subsequent entry of default.

In his motion to vacate, Wilson explains that upon execution of his waiver of service, a request for representation was not timely processed by the Office of the Illinois Attorney General due to an inadvertent error.   Defendant Wilson explains that the litigation coordinator for Menard Correctional Center mistakenly forwarded Wilson's request for representation with the waiver of service to the Clerk for the District Court rather than the Office of the Illinois Attorney General. As such, an Assistant Attorney General was not assigned to represent Wilson in this matter until June 13, 2023, after the Court directed the Clerk to enter default against Wilson.

Federal Rule of Civil Procedure 55(c) provides that the court may set aside an entry of default for good cause.   The Seventh Circuit has remarked that in order to vacate an entry of default, the moving party must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint."   *Cracco v. Vitran Express., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (internal quotations omitted).

Here, the Court finds that Defendant Wilson has shown good cause for his default.   It appears the delay in filing an answer was due to an inadvertent error regarding a request for representation rather than any intentional action.   Defendant also acted quickly in seeking to correct the mistake, with counsel filing a notice of appearance and a motion to vacate the Clerk's entry of default just four days after entry of the same.   Finally, Defendant asserts there is a meritorious defense to Plaintiff's claim.   The Court further finds that denying Wilson's motion to vacate the entry of default would undermine the notion that cases should be decided on the merits.

For these reasons, Plaintiff's Motion for Default Judgment (Doc. 30) is **DENIED**;

Defendant Marc Wilson's Motion to Set Aside Entry of Default and for an Extension of Time to File a Responsive Pleading (Doc. 34) is **GRANTED**.

The Clerk's entry of default entered on June 12, 2023 is **VACATED**.  Defendant Wilson shall file his answer or otherwise respond to Plaintiff's complaint by **August 14, 2023**.

**IT IS SO ORDERED.**

**DATED: August 1, 2023**

> *s/ Reona J. Daly*
> **Hon. Reona J. Daly**
> **United States Magistrate Judge**