**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PIERRE JORDAN, #M07905, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-cv-2422-DWD |
| | ) | |
| JOHN McCALEB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S THIRD MOTION TO COMPEL**

NOW COME the Defendants, JOHN McCALEB and MARC WILSON, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, in response to Plaintiff's Third Motion to Compel, state as follows:

1. *Pro se* Plaintiff Pierre Jordan (#M07905) is an individual in custody of the Illinois Department of Corrections (hereinafter "IDOC"), who is currently being housed at the Western Illinois Correctional Center located in Mt. Sterling, IL. [Doc. 1].

2. On October 6, 2022, Plaintiff brought suit pursuant to 42 U.S.C. §1983, alleging that he was subject to cruel and unusual punishment by Defendants for harassing Plaintiff before and after his disciplinary hearing, in violation of the 8th Amendment. [Docs. 1& 15]. Plaintiff also complains that Defendants induced other individuals to racially discriminate against Plaintiff.

3. On September 11, 2024, Plaintiff caused to be filed a third motion to compel production of documents. [Doc. 53]. In the motion, Plaintiff seeks the following:

   a. Security Camera footage from the dates of Septe 28, 2020, through October 3, 2020.

   b. The incident report written by the Susan Kirk alleging that Plaintiff committed sexual harassment.

   c. The DOC 0317 written by Susan Kirk.

   d. The audio video recordings of Plaintiff's PREA hotline complaint.

e. Any interviews and reports made by Susan Kirk.

f. All documents previously requested by Plaintiff.

4. Defendants' response to each of those is as follows:

   a. Security Camera footage from the dates of September 28, 2020, through October 3, 2020.

      i. The video does not exist and thus Defendants cannot produce. The Defendants do not have the video in their custody, control, or possession. The video was requested as a courtesy, and Defendants were informed that no relevant video footage could be located.

   b. The incident report written by Susan Kirk alleging that Plaintiff committed sexual harassment.

      i. Defendants are unaware of any such report. After a thorough investigation, Defendants have not been able to ascertain that any reports by Susan Kirk relevant to Plaintiff's request exist. Further, to the extent any such document may exist, it is not within Defendants' custody, control, or possession.

   c. The DOC 0317 written by Susan Kirk.

      i. Defendants are unaware of any such report. After a thorough investigation, Defendants have not been able to ascertain that any reports by Susan Kirk relevant to Plaintiff's request exist. Further, to the extent any such document may exist, it is not within Defendants' custody, control, or possession.

   d. The audio video recordings of Plaintiff's PREA hotline complaint.

      i. Defendants are making the recordings available for Plaintiff's review.

   e. Any interviews and reports made by Susan Kirk during the course of the

investigation.

i. Defendants are unaware of any such reports or interviews. This request is overbroad in time and scope as "during the course of the investigation" is non-specific. After a thorough investigation, Defendants have not been able to ascertain that any interviews or reports by Susan Kirk relevant to Plaintiff's request exist. Further, to the extent any such document may exist, it is not within Defendants' custody, control, or possession.

f. All documents previously requested by Plaintiff.

i. Defendants object to this request as overbroad, vague, and unclear regarding what documents Plaintiff believes are missing from previous disclosures. Defendants request Plaintiff clarify what he seeks, if something is being withheld, explain why it should not be withheld. Without waiving said objection, Defendants are compiling a supplemental request and will produce

5. Pursuant to Rule 37, parties are required to confer with the opposing party before filing a motion to compel. Plaintiff has not attempted to confer with Defendants' counsel in any manner before the filing of this motion. For this reason alone, Plaintiff's third motion to compel should be denied.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's third motion to compel.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| PIERRE JORDAN, #M07905, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-cv-2422-DWD |
| | ) | |
| JOHN McCALEB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2024, the foregoing document, ***Defendants' Response to Plaintiff's Third Motion to Compel***, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

And I hereby certify that on September 26, 2024, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following:

Pierre Jordan, #M07905
Western Illinois Correctional Center
Individual in Custody LEGAL Mail
2500 Route 99 South
Mt. Sterling, IL 62353

Respectfully submitted,

By: /s/Robert Hogue
Robert Hogue #6318000
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
Telephone: (217) 782-5819
Facsimile: (217) 524-5091
E-Mail: robert.hogue@ilag.gov