## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PIERRE JORDAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-2422-RJD |
| | ) | |
| JOHN McCALEB, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER

**DALY, Magistrate Judge:[1]**

This matter comes before the Court on Plaintiff's Second Motion to Compel Production of Documents (Doc. 52) and Third Motion to Compel Production of Documents (Doc. 53).   For the reason set forth below, the motions are **DENIED**.

### Background

Plaintiff Pierre Jordan, an inmate of the Illinois Department of Corrections (IDOC), brought this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard).   (Doc. 1).   Jordan alleged that Defendants McCaleb and Wilson threatened and harassed him and initiated false disciplinary proceedings against him, and he suffered a multitude of consequences as a result of their actions.

Jordan specifically alleged that on September 28, 2020, Nurse Kirk and Defendant Wilson visited Jordan's quarantine cell during medication rounds.   (Doc. 1 at 7).   Thereafter, Wilson reappeared at Jordan's cell and abruptly awakened him from a nap.   (*Id.*).   Wilson kicked the cell

---

[1] This matter was assigned to the undersigned through the parties' consent to conduct all proceedings, including trial and final entry of judgment, pursuant to 28 U.S.C. § 636(c) and Rule 73.   (Doc. 37).

bars and loudly alleged that Nurse Kirk told him someone in the gallery behaved in a sexually inappropriate manner towards her, and he believed Jordan was the perpetrator.  (*Id.*).  On September 29, 2020, Defendants Wilson and McCaleb awoke Jordan by kicking on his cell bars and speaking in loud voices.  (*Id.* at 8).  The two accosted Jordan with derogatory comments and accused him of masturbating in front of female nurses or staff.  (*Id.*).  McCaleb asked how Jordan would like it if he and Wilson "came into your cell, overpower you, handcuff your arms/hands behind your back, and take turns f****** you in your black a** with our white d****[.]" (*Id.*) Jordan was immediately afraid and paranoid and he suffered an anxiety attack.  (*Id.*).  He characterized the incident as custodial sexual assault, which he alleged was also a violation of the U.S. PREA laws.  (*Id.*).  Fellow inmates in the gallery were also awakened by the commotion, and they asked Wilson and McCaleb to leave Jordan alone.  (*Id.* at 10).  Jordan retreated to the back of his cell and covered himself with a blanket.  (*Id.*).  Jordan and others requested that they be allowed to speak with the major and mental health, but Wilson and McCaleb denied the requests and departed the cellblock.  (*Id.*).  Fifteen minutes later, Wilson returned to sweep the gallery and Jordan again requested mental health and a major.  (*Id.*).  Wilson refused and instead indicated he was going to check the computer system to see if Jordan was convicted of a sex offense.  (*Id.*).  Two hours later, Wilson returned and stated Jordan and another inmate both had disciplinary tickets for sexual misconduct, which convinced him it was appropriate to write the two disciplinary tickets related to Kirk.  (*Id.*).  Wilson demanded that Jordan cuff up.  (*Id.*).  Jordan alleged that Wilson's actions were First Amendment retaliation and a violation of the Fourteenth Amendment Due Process/Equal Protection clause.  (Doc. 1 at 11).  On December 28, 2020, Jordan was released from segregation.  The next day Wilson approached his cell and made loud comments about him being a rapist who should be dealt with.  (*Id.* at 15).  On December 30, 2020, McCaleb

made similar statements when Jordan passed him on the way to the shower.   Jordan claimed that Wilson and McCaleb's comments encouraged other inmates to threaten and intimidate him.   The two continued the conduct, and for five months, Jordan was harassed, threatened, and intimidated by gang members and security staff.   In late May of 2021, gang members gave Jordan an ultimatum to "check into (P.C.) protective custody, or [they] will kill [him]." (*Id.* at 15-16).   Jordan checked into protective custody, where he remained until he was transferred to Western Correctional Center in March of 2022.

Following a preliminary review of the Complaint under 28 U.S.C. § 1915A, Jordan was allowed to proceed on the following claims:

> **Claim 1:**     **Eighth Amendment cruel and unusual punishment claim against Wilson and McCaleb for harassment before and after his disciplinary proceedings; and**
>
> **Claim 2:**     **Fourteenth Amendment Equal Protection claim against Wilson and McCaleb for their alleged racial discrimination against Plaintiff.**

(Doc. 15, pp. 5-12).

**Plaintiff's Second Motion to Compel Production of Documents (Doc. 52)**

On July 15, 2024, Jordan filed his Second Motion to Compel, wherein he represents that he propounded his requests for production of documents to Defendants on May 7, 2024.[2]   (Doc. 52, p. 1).   Jordan states that he consented to Defendants' request for an extension of time up to June 20, 2024, but Defendants failed to respond by the extended deadline.   (*Id.*).   Jordan asks that Defendants be ordered to produce 14 categories of documents, including surveillance footage from the cameras adjacent to Jordan's cells on September 28, 2020, several grievances Jordan filed

---

[2] While the Court had stayed discovery on the merits until the resolution of the issue of exhaustion of administrative remedies, Jordan filed his first motion to compel discovery that substantially overlapped in content with the motions now pending before the Court.   (Doc. 49).   The Court construed Jordan's motion as a request to lift the stay and granted the motion without, however, addressing its merits.   (Doc. 50).

regarding the incident, investigative reports that led to the issuance of sexual misconduct disciplinary ticket, and any statements by Nurse Kirk relating to Jordan's alleged sexual misconduct on September 28, 2020.   (*Id.*).

Based on the Court's Scheduling Order each party in this case was allowed to serve 15 requests for production of documents.   (Doc. 50, p. 1).   The parties, however, were advised that any motion to compel discovery under Rule 37 should be accompanied by the actual discovery documents at issue.   (*Id.* at 2; *see also* SDIL-LR 26.1(c)(4)).   This allows the Court to assess the scope of the requests as well as to confirm whether the requested documents or tangible things were part of a properly served request for production of documents pursuant to Rule 34.   Here, Jordan did not attach to his Second Motion to Compel his requests for production of documents at issue.   Accordingly, his motion should be denied.

The Court further notes that in his Third Motion to Compel Production of Documents (Doc. 53), Jordan represents that he finally received Defendants' responses to his first request for the production of documents on July 30, 2024, but takes issue with the fact that those responses were vague and inadequate.[3]   Because the basis of Jordan's Second Motion to Compel Production of Documents, namely Defendants' failure to respond to his request for production documents, appears to have been resolved through the service of Defendants' responses on July 30, 2024, the Court also deems appropriate to deny the motion as moot.   The Court, however, will address Jordan's allegations that the provided responses are vague and evasive in its analysis of his Third Motion to Compel.   Accordingly, Jordan's Second Motion to Compel Production of Documents (Doc. 52) is **DENIED**.

---

[3] Notably, a comparison of Jordan's Second Motion to Compel Production of Documents with the Defendants' Response to Plaintiff's First Set of Request for Production of Documents (attached to Jordan's Third Motion to Compel Production of Documents) shows that the former is significantly broader in scope, requesting production of documents that were not included in the latter.   (*See* Doc. 52, pp. 1-4; Doc. 53, pp. 5-8).

**Plaintiff's Third Motion to Compel Production of Documents (Doc. 53)**

On September 11, 2024, while the Second Motion to Compel was pending, Jordan filed his Third Motion to Compel.    (Doc. 53).    Jordan represents that Defendants' responses to his request for production of documents that he received on July 30, 2024, are vague and inadequate.    (*Id.*, at 1).    Jordan attached to his motion a copy of the responses at issue.    (*Id.*, at 5-8).    He asks for the production of the following: (1) security camera footage from the dates of September 28, 2020, through October 3, 2020; (2) the incident report written by Susan Kirk alleging that Plaintiff committed sexual harassment; (3) DOC 0317 written by Susan Kirk; (4) the audio video recordings of Plaintiff's PREA hotline complaint; (5) any interviews and reports made by Susan Kirk; and (6) all documents previously requested by Plaintiff.    Defendants filed their response in opposition, addressing each one of the requests.    (Doc. 54).

Under Federal Rule of Civil Procedure 34, a party may request the production of certain documents and tangible things that are "in the responding party's possession, custody, or control" and fall within the scope of Rule 26(b).    FED. R. CIV. P. 34; *see also Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) ("On the issue of control, 'the test is whether the party has a legal right to obtain [the evidence].'").    A party may move for an order compelling production if a responding party fails to respond to a request for production submitted under Rule 34.    FED. R. CIV. P. 37(a)(3)(B)(iv).    A responding party's response that is evasive or incomplete is treated as a failure to respond.    FED. R. CIV. P. 37(a)(4).    The Court will address each request for production at issue in order.

   1.  *Security Camera footage from the dates of September 28, 2020, through October 3, 2020.*

Defendants responded that no such video is in their custody, control, or possession. Defendants further clarified that they requested the video as a courtesy (presumably from the

IDOC) but no relevant video footage was located.   Under Federal Rule of Civil Procedure 34, a party may request the production of certain documents and tangible things that are "in the responding party's possession, custody, or control" and fall within the scope of Rule 26(b).   FED. R. CIV. P. 34; *see also Dexia Credit Local v. Rogan*, 231 F.R.D. 538, 542 (N.D. Ill. 2004) ("On the issue of control, 'the test is whether the party has a legal right to obtain [the evidence].'")).  Here, Defendants not only responded that the video is not in their custody, control, or possession but also conducted further investigation to confirm its non-existence.   Accordingly, Jordan's motion to compel production of the requested video footage is **DENIED**.

2. *The incident report written by Susan Kirk alleging that Plaintiff committed sexual harassment.*

Defendants responded that they conducted a thorough investigation but were unable to ascertain the existence of any reports by Susan Kirk relevant to Jordan's request.   They further stated that, to the extent any such document may exist, it is not within Defendants' custody, control, or possession.   Again, under Rule 34, the Court cannot compel Defendants to produce documents that are not within their custody, control, or possession.   Accordingly, Jordan's motion to compel the production of Susan Kirk's incident report regarding Jordan committing sexual harassment is **DENIED**.

3. *DOC 0317 written by Susan Kirk.*

Defendants responded that after a thorough investigation, they are unaware of any such report, and to the extent any such document exists, it is not within their custody, control, or possession.   However, it appears that Jordan requests the production of a Bates-stamped document, which indicates that the document may have already been exchanged through discovery.   Based on the Defendants' response and the information before the Court, Jordan's motion to compel production of "DOC 0317 written by Susan Kirk" is **DENIED**.   However,

Jordan may renew his motion and provide more details regarding the content and source of the requested document.

4.  *The audio-video recordings of Plaintiff's PREA hotline complaint.*

Defendants responded that they were making the recordings available for Plaintiff's review.   Accordingly, Jordan's motion to compel production of the audio-video recordings of his PREA hotline complaint is **DENIED** as moot.   If further Court intervention is necessary, Jordan may renew his Motion to Compel.

5.  *Any interviews and reports made by Susan Kirk during the course of the investigation.*

Defendants objected that this request is overbroad in time and scope because the term "during the course of the investigation" is non-specific.   They further responded that after a thorough investigation, they have not been able to ascertain that any interviews or reports by Susan Kirk relevant to Jordan's request exist, and to the extent any such document may exist, it is not within their custody, control, or possession.   Under Rule 34, the Court cannot compel Defendants to produce documents that are not within their custody, control, or possession.   Accordingly, Jordan's motion to compel the production of any interviews and reports made by Susan Kirk during the course of the investigation is **DENIED**.

6.  *All documents previously requested by Plaintiff.*

Defendants object to this request on the basis that it is overbroad, vague, and unclear regarding what documents Jordan believes are missing from previous disclosures.   Defendants asked Jordan to clarify which documents he considers improperly withheld.   Defendants further stated that they were compiling a supplemental production of documents to be sent to Jordan.   The Court agrees that this request should be denied as being overbroad and vague.   If, after receipt of Defendants' supplemental production of documents, further Court intervention is needed, Jordan

may renew his motion, providing as much detail as possible as to the documents that he considers improperly withheld.

### Conclusion

For the reasons set forth above, Jordan's Second Motion to Compel Production of Documents (Doc. 52) and Third Motion to Compel Production of Documents (Doc. 53) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:   January 31, 2025**

s/  *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**

Page 8 of 8